IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL S. BRIGGS,**

        **Plaintiff,**

      **v.**                             **CASE NO. 14-3013-SAC**

**GLEN KOCHANOWSKI, Saline
County Sheriff, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This pro se civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate currently confined at the Winfield Correctional Facility. Plaintiff complains of an incident that occurred during his previous confinement at the Saline County Jail, Salina, Kansas. Having examined the materials filed, the court assesses an initial partial filing fee and finds that plaintiff's allegations, taken as true, fail to state a federal constitutional claim. Plaintiff is given time to pay the part fee and to show cause why this action should not be dismissed for failure to state a claim.

## FILING FEE

The fees for filing a civil rights complaint in federal court total $400.00 and consist of the statutory fee of $350.00 plus an administrative fee of $50.00; or for one that is granted leave to proceed in forma pauperis the fee is $350.00. Plaintiff has

1

submitted an Application to Proceed without Prepayment of Fees (Doc. 2) and attached an Inmate Account Statement in support. He is reminded that being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee. Instead, it merely entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as funds become available.[1]

Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of the civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit during the relevant time period was $33.33, and the average monthly balance was $21.18. The court therefore assesses an initial partial filing fee of $6.50, twenty percent of the average monthly deposit rounded to the lower half dollar. Plaintiff is given time to submit this partial fee to the court. This action may be dismissed without further notice if he fails to comply.

**ALLEGATIONS AND CLAIMS**

---

[1] Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

Mr. Briggs complains that in September 2012, while he was playing cards with other inmates at the Saline County Jail, Deputy Sheriff Miller and "a Securus Technologies employee" entered the pod to activate a machine, took his photograph, and referred to him as a monkey and laughed. He filed a grievance with the jail administrator and was informed that both the Deputy and the Securus employee were "just joking," but nothing further was done. Plaintiff seeks a written apology, the firing of the two employees involved, and damages in the amount of ten million dollars.

**SCREENING**

Because Mr. Briggs is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In

3

addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake,* 469 F.3d 910, 913 (10th Cir. 2006). Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

**DISCUSSION**

The court finds that, even accepting plaintiff's allegations as true, he fails to state a federal constitutional claim for several reasons. First, plaintiff fails to allege facts showing personal participation in the alleged incident by any named defendant. "[P]ersonal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011)(citation omitted). In the caption of the complaint, plaintiff names Saline County Sheriff Glen Kochanowski as the sole defendant. Defendant Kochanowski is not alleged to have participated in the name-calling incident, and cannot be held liable solely by virtue of his supervisory capacity. Moreover, the Tenth Circuit has previously held that the mere denial of an inmate's grievance is inadequate to show personal participation. *See Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

Elsewhere in the complaint, Mr. Briggs adds "Saline County Jail"

and "Securus Technologies"[2] as defendants. However, he pleads no facts showing personal involvement on the part of either of these defendants. Moreover, neither the jail facility nor a technology company is a "person" sueable under § 1983.

In addition, plaintiff's claim for money damages is barred under 42 U.S.C. § 1997e(e) because he does not allege a physical injury. Section 1997e(e) provides:

> [n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

*Id.*

Finally, acts of verbal harassment, without more, simply do not amount to a violation of the United States Constitution. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998); *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001)("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)(Sheriff's acts in laughing at detainee and threatening to hang him were not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989)("[A] petitioner must allege more than that he has been subjected to verbal taunts however distressing in order to make a claim that jailers have

---

2  Under Rule 10 of the Federal Rules of Civil Procedure, all defendants are to be named in the caption.

5

. . . deprived the petitioner of his constitutional rights."); *see also Ragland v. Romer*, 73 F.3d 374 (Table)(10th Cir.), *cert. denied*, 518 U.S. 1025 (1996)(unpublished order cited for reasoning)("Courts have consistently held that acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."). Of course, it would be highly unprofessional for a jailer or contractor doing work at a jail to name-call an inmate, particularly if using a name with an arguably racial connotation.

Plaintiff is given time to show cause why this action should not be dismissed for failure to state a federal constitutional claim. If he fails to show good cause within the prescribed time, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 6.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) day period, plaintiff is required to show cause why this action should not be dismissed for failure to state on which relief may be granted.

**IT IS SO ORDERED.**

Dated this 11th day of February, 2014, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**