IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL S. BRIGGS,**

    **Plaintiff,**

    v.          CASE NO. 14-3013-SAC

**GLEN KOCHANOWSKI,** Saline
**County Sheriff, et al.,**

    **Defendants.**

### O R D E R

This pro se complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate currently confined at the Winfield Correctional Facility. Plaintiff complains of an incident that occurred in September 2012 during his confinement at the Saline County Jail. The court previously screened the complaint, and found that plaintiff's allegations taken as true fail to state a federal constitutional claim. Plaintiff was given time to show cause why this action should not be dismissed on this ground. In response to the court's screening order, plaintiff filed an Amended Complaint (Doc. 10).[1] Because Mr. Briggs is a prisoner, the court is required by statute to screen the Amended Complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be

---

1  Plaintiff complied with the court's order to pay an initial partial filing fee, and his motion for leave to proceed without prepayment of fees (Doc. 3) is granted.

1

granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

The factual basis for plaintiff's claim remains the same incident in which "a Securus Technologies employee" is alleged to have entered a jail pod in order to perform work where plaintiff was playing cards, took plaintiff's photograph, referred to him as a monkey and laughed at him. Plaintiff filed a grievance but was advised that the Securus employee was "just joking," and nothing further was done. Mr. Briggs claims that defendant "recklessly inflicted severe emotional distress" upon him "by making racial slurs." In his original complaint, Mr. Briggs named the Saline County Sheriff as defendant, and the court ordered him to show personal participation in the incident on the part of this defendant. In his Amended Complaint, Mr. Briggs has omitted the Sheriff as defendant, and names "Securus Technologies" as the only defendant. He adds assertions that 42 U.S.C. § 1981 and Title VII of the Civil Rights Act were violated. He again seeks an apology, the firing of the "employee in question" and damages of $30,000 instead of ten million dollars.

## **DISCUSSION**

The court again finds that, even accepting plaintiff's

allegations in his Amended Complaint as true, he fails to state a federal constitutional claim. First, plaintiff is not entitled to relief against the only named defendant. Mr. Briggs was previously informed that he "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). He was also informed that a technology company is not a "person" suable under 42 U.S.C. § 1983. Plaintiff has not cured this significant deficiency, and this action might be dismissed on this basis alone.

In addition, Mr. Briggs was informed that acts of verbal harassment, without more, simply do not amount to a violation of the United States Constitution. He alleges no additional facts in his Amended Complaint to show that the incident upon which the complaint is based amounted to more than verbal harassment. Instead, as noted, plaintiff attempts to assert his cause of action under other legal theories. However, he provides nothing but bald citations and formulaic recitations with no explanation as to how the facts he has alleged entitle him to relief under these federal laws. Plaintiff did not have an employment relationship with the defendant and is not claiming

3

discrimination by an employer such as hostile work environment, discrimination in making or enforcing contracts, or race-based termination.[2] As the court stated, the verbal harassment alleged by plaintiff was highly unprofessional conduct. However, it simply does not entitle him to relief in federal court. Nor does the court have authority to "remove" the defendant. Plaintiff was previously informed that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The court concludes that the Amended Complaint fails to state a claim under the United States Constitution or federal statutory law and must be dismissed pursuant to 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

---

[2] Section 1981 prohibits "discrimination in private employment on the basis of race." *Martin v. Central States Emblems, Inc.,* 150 Fed.Appx. 852, 858 (10th Cir. 2005), *cert. denied*, 546 U.S. 1197 (2006). Likewise, Title VII prohibits an employer from discrimination on the basis of race in the terms and conditions of employment," and such an action requires "an adverse employment practice" and "conduct by an employer." *Id.* Section 1981 protects particular rights and pertinently provides:

> (a) Statement of equal rights
>
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Furthermore, a sporadic racial slur in a work environment even though "socially inexcusable" is not sufficient to state a claim of racial discrimination under Section 1981. *Witt v. Roadway Exp.*, 136 F.3d 1424, 1432 (10th Cir. 1998).

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed without Prepayment of Fees (Doc. 2) is granted. Plaintiff is hereby assessed the remainder of the $350.00 filing fee to be paid through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). The Finance Office of the Facility where plaintiff is currently incarcerated is directed by copy of this Order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied for failure to state a claim on which relief may be granted.

The clerk is directed to send a copy of this Order to plaintiff, to the finance officer at the institution in which plaintiff is currently confined, and to the court's finance office.

**IT IS SO ORDERED.**

Dated this 23rd day of April, 2014, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**